# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Criminal No.: 2:05-cr-00928 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| Michael A. Singer, | ) | |
|   a/k/a Mickey Singer | ) | |
| John H. Kang, | ) | |
| John P. Sessions, | ) | **ORDER** |
| David A. Ward, | ) | |
| Frederick B. Karl, Jr., | ) | |
|   a/k/a Rick Karl | ) | |
| Franklyn M. Krieger, | ) | |
|   a/k/a Frank Krieger | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on defendants' motion *in limine* to exclude the
expert testimony of the government's witness, Ms. Angela R. Morelock, pursuant to
Federal Rule of Evidence 702. Defendants maintain that Ms. Morelock's methodology is
unreliable under the standard set forth in <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S.
579 (1993). The government filed a response in opposition to this motion. For the
reasons set forth below, defendants' motion is denied.

Rule 702 provides that

[i]f scientific, technical, or other specialized knowledge will assist the trier
of fact to understand the evidence or to determine a fact in issue, a witness
qualified as an expert by knowledge, skill, experience, training, or education,
may testify thereto in the form of an opinion or otherwise, if (1) the
testimony is based upon sufficient facts or data, (2) the testimony is the

product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 imposes an obligation on the trial judge to ensure that any expert testimony grounded in scientific, technical, or other specialized knowledge "is not only relevant, but reliable." Daubert, 509 U.S. at 589; Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999). The trial judge should first determine "whether the reasoning or methodology underlying the testimony is scientifically valid." Daubert, 509 U.S. at 592-93.

Daubert provides a list of four non-exclusive factors to consider in assessing the reliability of an expert's testimony. The court may consider: (1) whether the expert's theory or technique can be, and has been, tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error when the technique or theory is applied; (4) whether the theory or technique enjoys "general acceptance" in the relevant community. See Daubert, 509 U.S. at 593-94. The Daubert factors are not exclusive, meaning the trial judge may consider any factors that speak to the overarching inquiry into the testimony's scientific reliability. See id. at 593; see also Kumho Tire, 526 U.S. at 150 (noting that the Daubert inquiry and what factors are relevant to the analysis "depends upon the particular circumstances of the particular case at issue"). Regardless of the factors considered, "the focus, of course, must be solely on the principles and methodology, not on the conclusions they generate." Daubert, 509 U.S. at 595.

After a three day hearing, the court concludes that the Daubert standard has been met. Ms. Morelock's role in this case is that of a forensic accountant rather than a fraud

examiner tasked with ferreting out fraud in the first instance. Consistent with the scope of her responsibility, the court is satisfied that Ms. Morelock's methodology is reliable and that she reliably applied that methodology to determine, in her opinion, the effect of the allegedly improper revenue recognition on Medical Manager's financial statements. Ms. Morelock testified that her methodology was similar to that of FTI and only differed with respect to the additional information to which Ms. Morelock had access. 10/21/09 Hr'g Tr. at 631. Ms. Morelock acknowledged that there were places where FTI was able to draw conclusions that Ms. Morelock determined that, based on the information available, she could not. Id. At this stage, the court is only concerned with whether Ms. Morelock's testimony is sufficiently reliable under Rule 702, not with whether the conclusions generated by Ms. Morelock's methodology are in fact correct.

"[T]he Supreme Court emphasized in Daubert that 'vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" United States v. Crisp, 324 F.3d 261, 269-70 (4th Cir. 2003) (quoting Daubert, 509 U.S. at 596). Defendants will have an adequate opportunity to test Ms. Morelock's conclusions during the trial. Ms. Morelock's testimony will of course be required to comply with the other rules of evidence, and defendants will have the opportunity to make any and all appropriate objections at trial.

Accordingly, defendants' motion is **DENIED**.

**AND IT IS SO ORDERED.**[1][2]

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**December 10, 2009**
**Charleston, South Carolina**

---

[1]The court reserves the right to supplement this order should it deem necessary.

[2]This order is not to be construed as a decision on the <u>Hunter</u> issue, which remains under consideration, except as to note that the court does not believe that issue renders Ms. Morelock's testimony unreliable.