**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Criminal No.: 9:05-cr-00928 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| Michael A. Singer, | ) | |
|   a/k/a Mickey Singer | ) | |
| John H. Kang, | ) | |
| John P. Sessions, | ) | **ORDER** |
| David A. Ward, | ) | |
| Frederick B. Karl, Jr., | ) | |
|   a/k/a Rick Karl | ) | |
| Franklyn M. Krieger, | ) | |
|   a/k/a Frank Krieger | ) | |
| | ) | |
| Defendants. | ) | |
|   | ) | |

     This matter is before the court on defendant Frank Krieger's motion to sever under Federal Rule of Criminal Procedure 14.  Additionally, defendant Krieger has filed a motion to transfer venue under Federal Rule of Criminal Procedure 21(b).  Although the government opposes severance, it does not object to transferring venue should the court sever defendant Krieger.  The other defendants have also filed a motion asking the court to use its discretion under Rule 14 to sever defendant Krieger.  For the reasons set forth below, the court grants defendants' motions to sever and transfers venue to the Middle District of Florida.

1

# I. BACKGROUND[1]

The court held a hearing on August 3-4, 2009, to address the motion filed by defendants to exclude secret recordings between Bobby Davids, the government's chief cooperating witness, and Mr. Krieger. The court ultimately concluded that the tapes could not be Bruton-ized and, therefore, could not be used in a joint trial. The government chose to try defendants jointly and not to introduce the taped conversations. Defendants filed the present motions to sever Mr. Krieger following this hearing.

Defendants then filed a motion to exclude evidence or argument of any nature related to what the parties have referred to as "the Dryja allegations." Dkt. #815. They also filed a motion to exclude hearsay evidence related to these allegations. Dkt. #813. The court held another hearing on these motions on November 30, 2009. During the hearing it became clear that even if the court prohibited the government from introducing evidence related to the Dryja allegations, Mr. Krieger will certainly introduce this evidence as an integral part of his defense. It is against this backdrop of several related motions and hearings that the court addresses whether Mr. Krieger should be severed from the joint trial with the remaining defendants.

# II. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 14 provides relief to defendants from prejudicial joinder. The rule states that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or

---

[1]The court and the parties are well-versed in the factual background related to these motions. It has been extensively briefed and argued and the court finds it unnecessary to recite it for present purposes.

the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). "Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts." Id. at 541.

### III. DISCUSSION

"In interpreting Rule 14, the Courts of Appeals frequently have expressed the view that 'mutually antagonistic' or 'irreconcilable' defenses may be so prejudicial in some circumstances as to mandate severance." Id. at 538. However, "[m]utually antagonistic defenses are not prejudicial per se," and the rule does not necessarily require severance even if a defendant establishes prejudice. Id. at 538-39. "[A] district court should grant severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539.

According to the Supreme Court, the risk of prejudice will depend on the facts of a particular case. Id. The Court has recognized that where "[e]vidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice." Id. Further, "a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial." Id.

In United States v. Odom, 888 F.2d 1014 (4th Cir. 1989), the Fourth Circuit

upheld the grant of severance after it became clear that one defendant's defense was so antagonistic to the other so as to deprive the other defendant of a fair trial. Shortly after the trial commenced, "it became obvious to the trial judge that throughout the trial he was going to be faced with a choice of curtailing Odom's defense, which could prejudice Odom, or allowing Odom's attorney to continue his inflammatory attacks on [the co-defendant] Fincham, which would be prejudicial to Fincham." Id. at 1018. "The taking of an adversarial stance on the part of co-defendant's counsel may generate trial conditions so prejudicial to the defendant under multiple attack as to deny him a fair trial." Id. (quoting United States v. DeVeau, 734 F.2d 1023, 1027 (5th Cir. 1984)).

A defendant must offer more than speculative allegations of prejudice and must articulate "a theory that qualifie[s] as an irreconcilable defense sufficient to warrant severance." United States v. Najjar, 300 F.3d 466, 473 (4th Cir. 2002). The Fourth Circuit "note[d] that '[t]he mere presence of hostility among defendants . . . or a desire of one to exculpate himself by inculpating another [are] insufficient grounds to require separate trials.'" Id. at 474 (quoting United States v. Spitler, 800 F.2d 1267, 1271 (4th Cir. 1986)).

In this case, it has become clear that the court must use its discretion to order severance. The court ruled that evidence of the Dryja allegations should be excluded under Federal Rule of Evidence 403.[2] Dkt. #869. However, Mr. Krieger's defense

---

[2]Because the court granted defendants' motion to exclude all evidence and argument related to the Dryja allegations under Rule 403, defendants' other motion to exclude hearsay evidence related to the Dryja allegations, Dkt. #813, was denied as moot. The court has not addressed whether defendants' rights guaranteed by the Confrontation Clause would actually be violated. For purposes of the present motion, the court is only

counsel represented to the court that he would unquestionably introduce evidence of the Dryja allegations because the evidence will affirmatively disprove the government's allegations. Defense counsel contends that introduction of the Dryja allegations is the most important part of his defense. 11/30/09 Hr'g Tr. at 59, 82.

Presently, there is "a serious risk that a joint trial would compromise a specific trial right of one of the defendants . . . ." <u>Zafiro</u>, 506 U.S. at 539. Mr. Krieger undoubtedly has a constitutional right to defend himself against the government's allegations and to present exculpatory evidence. By the same token, defendants Singer and Sessions both have rights under the Confrontation Clause that could potentially be violated if this evidence is introduced in a joint trial. The rights at issue cannot be reconciled. The risk of prejudice is too great in this case—especially when considered against the low cost to all involved of severing this particular defendant. Thus, the court is left with no choice but to sever Mr. Krieger.

In light of the court's decision to sever Mr. Krieger, and because the government does not oppose transferring venue, the court will grant Mr. Krieger's motion to transfer venue to the Middle District of Florida, Tampa Division. Mr. Krieger is located in Florida, many of the witnesses are located in Florida, and many of the alleged events at issue occurred in Florida. <u>See</u> <u>Platt v. Minnesota Mining & Manufacturing Co.</u>, 376 U.S. 240, 243-44 (1964) (recognizing factors to be considered to determine whether to grant a motion to transfer venue). Moreover, Mr. Krieger's counsel is located in Florida, and both counsel and defendant will incur significant costs for a separate trial in South

---

required to address the potential risk of prejudice.

Carolina.  See id.  Finally, the court has already transferred one defendant, Charles

Hutchinson, to the same district, and the issues that mandate severance from the

remaining defendants in South Carolina do not exist in a joint trial of Mr. Krieger and

Mr. Hutchinson.[3]  It goes without saying that two lengthy and complex trials are better

than three.  The balance of factors weighs heavily in favor of transferring venue to the

Middle District of Florida.[4]

## IV.  CONCLUSION

For the reasons set forth above, defendants' motions to sever Mr. Krieger are

**GRANTED**.  Mr. Krieger's motion to transfer venue to the Middle District of Florida is

**GRANTED**.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**December 22, 2009**
**Charleston, South Carolina**

---

[3]The court notes that now that Mr. Krieger has been severed and will be tried with Mr. Hutchinson alone, the Government may again seek to introduce the Krieger tapes. That decision is for another day and another judge.

[4]In fact, two defendants who were indicted together will be tried together, it will simply take place in the Middle District of Florida.  See Zafiro, 506 U.S. at 538.