IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Criminal No.: 9:05-cr-00928 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| Michael A. Singer, | ) | |
|   a/k/a Mickey Singer | ) | **ORDER** |
| John H. Kang, | ) | |
| John P. Sessions, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on defendants' motion *in limine* to preclude the use of certain words and phrases at trial. The remaining term that has not been addressed is "round-trip transaction."

Following the Daubert hearing held on October 19-21, 2009, the court asked the parties for supplemental briefing on the impact of the Fourth Circuit's definition of round-trip transaction on Ms. Morelock's testimony given the fact that she provided a different definition.[1] The court concluded that Teacher's Retirement System of Louisiana v. Hunter, 477 F.3d 162, 178 (4th Cir. 2007), did not render Ms. Morelock's methodology unreliable because it views the discrepancy between the definition provided by the Fourth Circuit and the definition used by Ms. Morelock as an issue of proof at trial.

---

[1]This issue is related to defendants' motions *in limine* to preclude the use of certain words and phrases and to exclude the testimony of the government's witness under the Daubert standard. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).

After careful consideration, the court concludes that it is bound to apply the definition of a round-trip transaction as set forth by the Fourth Circuit in Hunter, 477 F.3d at 178. Therefore, the court will include an instruction on the Hunter definition of a round-trip transaction in its closing charge. It will be for the jury to decide whether the particular transactions are improper because they meet the Fourth Circuit's definition. The court concludes that Ms. Morelock should not be permitted to testify that the transactions were "round-trip transactions."[2]

Accordingly, defendants' motion is **GRANTED** in part and **DENIED** in part.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**January 7, 2010**
**Charleston, South Carolina**

---

[2] Should Ms. Morelock testify that the transactions are in fact round-trip transactions, the court will give the jury a curative instruction that in order to find that the transactions at issue were round-trip transactions, the evidence must establish that the transactions meet the definition given by the Fourth Circuit.